UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORNELIO DE LOS SANTOS MARTINEZ, et al.,

                       Plaintiffs,

    -v-                                       CIVIL ACTION NO. 24 Civ. 2851 (VSB) (SLC)

11 KITCHEN INC., et al.,                          **ORDER**

                       Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have reached a proposed settlement, and have submitted a Letter-Motion in support of the settlement (ECF No. 37); the executed settlement agreement in Spanish and English (ECF Nos. 37-1; 37-2 (the "Agreement")); the executed retainer agreements for both Plaintiffs (ECF Nos. 37-3; 37-4); an affidavit of confession of judgment (ECF No. 37-5); and attorney billing records (ECF No. 37-6 (together, the "Cheeks Submission")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).[1]

      The Cheeks submission is deficient in three respects. First, the Agreement fails to specify the allocation of the settlement amount between the two Plaintiffs. See Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015) (finding that the "settlement agreement should specify the actual dollar amount of each plaintiff's total recovery"). Second, the Agreement does not identify the allocation of the six installment payments (i.e., the amount that

---

[1] The parties have been instructed to correct and resubmit the form indicating their consent to Magistrate Judge Jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing the Agreement. (See ECF Nos. 38; 39).

each Plaintiff will receive and the amount attributed to attorneys' fees).  See, e.g., Velazquez v. P.J.C.M. Rest. Corp., No. 15 Civ. 3602, 2016 WL 4987156, at *1 (S.D.N.Y. Sept. 15, 2016) (rejecting a proposed settlement that was unclear about how installment payments were to be distributed).  Third, Plaintiffs have not submitted any documentation to support their request for $1,269.00 in costs.  See Suriel v. Cruz, No. 20 Civ. 8442 (VSB) (SLC), 2022 WL 1750232, at *18 (S.D.N.Y. Jan 10, 2022), adopted by, 2022 WL 1751163 (S.D.N.Y. May 31, 2022) (recommending denial of an award of costs where a party failed to submit receipts to substantiate their requested amount of costs).

Accordingly, by **Thursday, August 14, 2025**, the parties shall submit:

1) A revised settlement agreement (both in Spanish and English) specifying the settlement allocation per Plaintiff and the allocation of the installment payments; and

2) Costs documentation, i.e., invoices or receipts.

Dated:   New York, New York
         August 7, 2025

SO ORDERED.

*[signature]*

**SARAH L. CAVE**
**United States Magistrate Judge**

2