UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORNELIO DE LOS SANTOS MARTINEZ, et al.,

                Plaintiffs,

-v-

11 KITCHEN INC., et al.,

                Defendants.

CIVIL ACTION NO.: 24 Civ. 2851 (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 42), and submitted a joint Letter-Motion in support of settlement (ECF No. 37 (the "Motion")) and proposed settlement agreement (ECF No. 37-2 (the "Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015).[1]

On initial review, the Court determined that the Agreement was deficient due to the absence of a breakdown of (i) how much each of the two Plaintiffs was to receive, and (ii) the allocation of each installment payment between Plaintiffs and attorneys' fees and costs. (ECF No. 40). See Velazquez v. P.J.C.M. Rest. Corp., No. 15 Civ. 3602, 2016 WL 4987156, at *1 (S.D.N.Y.

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

Sept. 15, 2016) (rejecting a proposed settlement that was unclear about how installment payments were to be distributed); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015) (explaining that "settlement agreement should specify the actual dollar amount of each plaintiff's total recovery"). The parties also failed to submit documentation supporting Plaintiffs' counsel's request for reimbursement of costs. (ECF No. 40). See Suriel v. Cruz, No. 20 Civ. 8442 (VSB) (SLC), 2022 WL 1750232, at *18 (S.D.N.Y. Jan 10, 2022), adopted by, 2022 WL 1751163 (S.D.N.Y. May 31, 2022) (recommending denial of an award of costs where a party failed to submit receipts to substantiate their requested amount of costs). The Court therefore ordered the parties to revise and resubmit the Agreement after correcting for these deficiencies. (ECF No. 40). On August 11, 2025, the parties submitted a revised version of the Agreement, which rectified only one of those errors—providing a breakdown of how much each Plaintiff shall receive—and provided documentation supporting the requested costs award. (ECF Nos. 43; 43-1 (the "Revised Agreement"); 43-2).

On review of the Revised Agreement, the Court determined, however, that the parties still failed to provide a breakdown of the allocation of each installment payment between Plaintiffs and attorneys' fees and costs and thus ordered the parties to revise and resubmit the Revised Agreement. (ECF No. 44).[2] On the third try, the parties revised and resubmitted a settlement agreement that does provide a breakdown of each installment payment to indicate how much each Plaintiff will receive and how much is allocated to attorneys' fees and costs. (ECF No. 45 (the "Second Revised Agreement")). Accordingly, the parties have now complied with the

---

[2] We note that the parties have a history of failing to comply with the Court's instructions in this action. (See ECF Nos. 18; 22; 25).

Court's instructions and the Court finds that the Second Revised Agreement is fair and reasonable under the law of this Circuit.

Having carefully reviewed the Motion, the Second Revised Agreement, accompanying exhibits, and the record in this action, the Court finds that all the terms of the Second Revised Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  With respect to the allocation of attorneys' fees, the Court has both (i) reviewed Plaintiffs' engagement letter with counsel and determined that there is no indication of any overreaching or deceptive conduct and that the contingency arrangement with Plaintiffs was "fair to [P]laintiffs and reasonable at the time it was made," Puerto v. Happy Life Home Health Agency Inc., 704 F. Supp. 3d 403, 407 (S.D.N.Y. 2023), and (ii) reviewed Plaintiffs' counsel's billing records, from which the Court has determined that the hourly rate and hours expended were both reasonable.  Huggins v. Chestnut Holdings Inc., No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022).  Accordingly, the Court approves the Revised Agreement.

This action is dismissed with prejudice and without costs except as may be stated in the Revised Agreement.  The Court retains jurisdiction to enforce the Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to close ECF No. 37, mark it as "granted," and close this case.

Dated:      New York, New York
            August 15, 2025

SO ORDERED

*Sarah L. Cave* (signature)

**SARAH L. CAVE**
**United States Magistrate Judge**